```
                UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS


ALISON ETHIER,              )
        Plaintiff,          )
                            )
    v.                      )
                            )
RONALD SAVARIA,             )    C.A. No. 05-10174-MLW
EBONY WARLAND, CHARLES      )
WARLAND, & BROTHER,         )
NEW BEDFORD POLICE          )
DEPARTMENT,                 )
L. CABRAL & G. FORTES       )
        Defendants          )
```

MEMORANDUM AND ORDER

On February 16, 2005, a Memorandum and Order issued (#6) directing the Plaintiff to show cause why this action should not be dismissed for the reasons stated therein. On February 28, 2005 Plaintiff filed a response (#7) which is not entirely lucid or organized, but she clearly is objecting to many of the factual and legal conclusions in the Memorandum and Order, and she is seeking a "transfer of this case to Appellate Div./SJC for review." She also renews her request for appointment of counsel.

The request for transfer and the renewed request for appointment of counsel is denied, and this action is dismissed for the reasons set forth in the February 16, 2005 Memorandum and Order, and for Plaintiff's failure to show cause. While Plaintiff takes issue with many of the characterizations of her complaint made by this Court, the response does not address the

heart of the deficiencies in the Complaint; namely, the pleading deficiencies under Rule 8(a) of the Federal Rules of Civil Procedure and the lack of subject matter jurisdiction under the Rooker-Feldman and Younger doctrines. As a matter of discretion, this Court may decline to exercise supplemental jurisdiction over Plaintiff's alleged tort claims. See 28 U.S.C. § 1367(c); United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966) (exercise of supplemental jurisdiction discretionary and court may decline jurisdiction over a plaintiff's state law claims when the federal claims drop out of the action before trial); Martinez v. Colon, 54 F.3d 980, 990 (1st Cir. 1995) (dismissal of state claim appropriate when no "legitimate" federal question remained in advance of trial); accord Rose v. Baystate Med. Ctr., Inc., 985 F. Supp. 211, 218-219 (D. Mass. 1997).

Accordingly, for the reasons set forth above, this action is dismissed in its entirety.

Dated: October 12, 2005				/s/ Mark L. Wolf
						MARK L. WOLF
						UNITED STATES DISTRICT JUDGE